IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FLECIA HARVEY and <br> VERONICA RUTHERFORD, <br><br> Plaintiffs, <br><br> v. <br><br> LINDSEY BIGGER, DENNIS WYNN, <br> TIMOTHY BRICKNER, BRADLEY <br> HOOVER, RAMIN FASHANDI, <br> and HOLLY FASHANDI, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 21-1102 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM ORDER

Presently before the Court is Plaintiff Flecia Harvey's *pro se* Motion for Reconsideration of the Court's Order dated May 2, 2023 (the "May 2nd Order"). (Docket No. 54). As set forth in the May 2nd Order, the Court granted the Motion to Dismiss Plaintiffs' Amended Complaint filed by Defendants Ramin Fashandi and Holly Fashandi (the "Fashandi Defendants") and dismissed Plaintiffs' Amended Complaint without prejudice to refiling in state court. (Docket No. 53). In so ruling, the Court observed that Plaintiffs had stipulated to the dismissal of all claims for civil rights violations asserted under federal law as against the other Defendants in this case, (*see* Docket No. 37), and asserted only Pennsylvania state law claims against the Fashandi Defendants. (*See* Docket No. 17 at 21-25). Given that all claims over which the Court had original jurisdiction previously had been dismissed, the Court declined to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims against the Fashandi Defendants. *See* 28 U.S.C. § 1367(c)(3) ("The district court[ ] may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."). In moving for

1

reconsideration, Plaintiff Harvey submits that this case should continue in federal court because the Fashandi Defendants stole her mailbox and mail which is a federal crime, citing 18 U.S.C. § 1708, thus the Court has subject matter jurisdiction because her case arises under federal law. (Docket No. 54, ¶¶ 1, 3).  She also lists several other criminal statutes without any explanation as to their relevance to this matter.  For the following reasons, reconsideration is not warranted.

"A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant."  *Donegan v. Livingston*, 877 F. Supp. 2d 212, 226 (M.D. Pa. 2012) (citation omitted).  Therefore, the Court may grant a motion for reconsideration only if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice.  *Max's Seafood Café by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).  In sum, "motions for reconsideration should be granted sparingly and may not be used to rehash arguments which have already been briefed by the parties and considered and decided by the Court."  *PBI Performance Prods., Inc. v. NorFab Corp.*, 514 F. Supp. 2d 732, 743–44 (E.D. Pa. 2007) (citation omitted).

In this instance, Plaintiff Harvey has failed to meet her burden to demonstrate that the Court should reconsider the May 2nd Order because she has not pointed to any intervening change in the controlling law, new evidence that was not available at the time of the decision, or a clear error of law or fact.  Instead, Plaintiff Harvey merely expresses her disagreement with the Court's decision declining to exercise supplemental jurisdiction over the state law claims against the Fashandi Defendants, which does not support reconsideration.  *See Donegan*, 877 F. Supp. 2d at 226.

Further, contrary to Plaintiff Harvey's suggestion, subject matter jurisdiction does not exist

based on her assertion that the Fashandi Defendants violated 18 U.S.C. § 1708 by allegedly stealing her mailbox containing mail. As the Court previously explained in Plaintiff's related case, § 1708 "is a federal criminal statute which criminalizes theft or receipt of stolen mail matter. As a private citizen, Plaintiff is unable to prosecute this federal criminal charge directly or via a claim under 42 U.S.C. § 1983." *Harvey v. Fashandi,* Civ. No. 22-1711, 2022 WL 17832546, at *2 (W.D. Pa. Dec. 21, 2022) (citing *Christopherson v. Polyconcept, N. Am.*, Civ. No. 20-545, 2021 WL 4776889, at *4 (W.D. Pa. Oct. 13, 2021) (further citing *El v. People's Emergency Ctr.*, Civ. No. 19-690, 2021 WL 2823042, at *3 (E.D. Pa. July 7, 2021) (dismissing federal criminal claims because a plaintiff "has no private right of action to bring claims under the criminal code")); *Jackson v. Bolandi*, Civ. No. 18-17484, 2020 WL 255974, at *7 (D.N.J. Jan. 17, 2020) (dismissing § 1983 claim premised on alleged violations of federal criminal statutes) (further citing *Blessing v. Freestone*, 520 U.S. 329, 340 (1997) ("In order to seek redress through § 1983, however, a plaintiff must assert the violation of a federal *right*, not merely a violation of federal *law*.") (emphasis in original)); *In re Edwards*, Civ. Nos. 18-CV-4776 and 18-CV-4777, 2018 WL 6062354, at *4 (E.D. Pa. Nov. 20, 2018) (observing that 18 U.S.C. § 1708 does not provide a basis for civil liability)).

Based on the foregoing, the Court enters the following Order:

AND NOW, this 16th day of May, 2023, IT IS HEREBY ORDERED that Plaintiff Harvey's *pro se* Motion for Reconsideration, (Docket No. 54), is DENIED.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf: All counsel of record

    Flecia Harvey (via U.S. mail)
    6395 Saltsburg Road
    Pittsburgh, PA 15235